UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SABRINA LUISA RAMIREZ,

                Plaintiff,

        v.

COSTCO WHOLESALE CORPORATION;
and DOES 1-50, inclusive,

                Defendants.

No. 2:25-cv-03226 WBS CSK

MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION TO REMAND

----oo0oo----

        Plaintiff originally filed the present action, in which she alleges various causes of action under California's Fair Employment and Housing Act ("FEHA") arising from her employment with defendants, in the San Joaquin County Superior Court.  (See Docket No. 1 at 2.)

        Shortly thereafter, defendants filed a notice of removal, in which they argue that removal is warranted on

1

diversity jurisdiction grounds.  (See id. at 3 (citing 28 U.S.C. §§ 1332(a)(1), 1441(a)).)

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions in which the parties are completely diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[1]  28 U.S.C. § 1332(a).

To determine the amount in controversy, the court must look to the "face of the pleadings," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), but may also consider "facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotations omitted).

---

[1]    The parties do not dispute that they are completely diverse. Indeed, plaintiff is a California citizen, and defendant Costco Wholesale Corporation is a Washington citizen.  (Docket No. 13 at 8.)  Because they are citizens of different states, they are completely diverse.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

2

The amount in controversy is "not a prospective assessment of defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." Gonzales, 840 F.3d at 648 (citation modified); see also Lewis, 627 F.3d at 400 (amount in controversy is "simply an estimate of the total amount in dispute"). It may include, among other things, "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales, 840 F.3d at 648-49.

Plaintiff requests in her complaint general damages corresponding to lost wages and benefits; special damages corresponding to psychiatric treatment; compensatory damages corresponding to emotional distress; punitive damages; statutory penalties pursuant to Cal. Govt. Code § 12940 et seq.; and attorneys' fees and costs pursuant to Cal. Govt. Code § 12965(c). (Docket No. 1 at 31.) In her pre-litigation demand letter, plaintiff estimated her total damages to be $241,646.46, comprised of $45,823.23 in current and future lost wages; $75,000 in emotional distress damages; and $120,823.23 in punitive damages. (Docket No. 1-2 at 15.) This estimate does not include attorneys' fees, which plaintiff may be entitled to recover if she prevails against defendants at trial, see Cal. Govt. Code § 12965(c)(6).

Plaintiff's demand letter is "relevant evidence of the amount in controversy," Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002), because it reflects her "assessment of the value

3

of her case," Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997).  Having initially taken the position that plaintiff's case against defendants worth more than $241,646.46, plaintiff's counsel now asks the court to accept the proposition that the case is in fact worth less than one-third that.

Even without relying upon plaintiff's demand letter, defendants have established "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold," Chavez, 888 F.3d at 416 (quotations omitted), by tabulating plaintiff's lost wages, which, at minimum, total $40,000; providing evidence of jury verdicts in cases involving similar circumstances; and providing evidence of attorneys' fees in cases involving similar circumstances.  (See Docket No. 1 at 6-9.)  Although plaintiff seems to suggest that attorneys' fees are unrecoverable (Docket No. 13 at 12-13), she "brings no evidence, authority, or arguments on why, despite h[er] request for attorneys' fees in the complaint, the court's discretion would nonetheless be better exercised by declining to award h[er] attorneys' fees under FEHA were [s]he to prevail at trial." Skipple v. Pepsico Beverage Sales, LLC, No. 2:24-cv-01046 WBS CKD, 2024 WL 3011029, at *2 (E.D. Cal. June 12, 2024).

Even applying "a conservative estimate of $10,000, an amount even less than a 1:1 ratio of emotional distress damages to economic damages"; the same for punitive damages; and "$30,000," a "reasonable and conservative estimate of the attorney's fees at the time of removal," would place the amount

4

in controversy at $90,000[2], well above the $75,000 jurisdictional threshold.  See Adkins v. J.B. Hunt Transp., Inc., 293 F. Supp. 3d 1140, 1147-48 (E.D. Cal. 2018) (Shubb, J.) (providing such "conservative" estimates in similar FEHA case).

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 13) be, and the same hereby is, DENIED.

Dated:  March 3, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]   The $90,000 figure consists of $40,000 in economic damages, $10,000 in emotional distress damages, $10,000 in punitive damages, and $30,000 in attorneys' fees.